————————o————————

## No. 5722.

## DELMAR REALTY CO. vs. EDWARD ALBERSTADT.

### Syllabus.

1. Any notice in writing which clearly indicates to the tenant that the lessor desires to put an end to the lease and obtain possession of the premises at the end of the current month, if served ten days or more before such expiration, is sufficient to entitle the lessor to obtain possession at that time.

2. After notice to vacate the mere acceptance of rent for the actual occupancy of the premises raises no presumption of an implied renewal of the lease.

Appeal from the First City Court, for the Parish of Orleans, referred to Court en banc, Division "A," No. 55,266. Hon. Wynne Rogers, Judge.

Walter L. Gleason, for plaintiff and appellant.

Lemle, Jones & Moreno, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This case comes before us on an agreed statement of facts, as follows:

Defendant occupied certain premises under a lease running from month to month, and had paid his rent regularly. On August 14th, he was served with a notice to vacate the premises on August 31st, although the month which had then begun to run expired only on September 8th. On October 31st, plaintiff sued for possession of the premises, and pending the trial defendant tendered and plaintiff received the rent up to October 8th.

The first question is whether or not the notice to vacate was sufficient.

We think it was. The law does not prescribe the form of notice in such cases, all that is required being that the notice to vacate shall be given in writing "ten days before the expiration of the month."

See **Act 313 of 1908, p. 479.**

Any notice in writing therefore, which clearly indicates to the tenant that the lessor desires to put an end to the lease and obtain possession of the premises at the expiration of the current month, if served ten days or more before such expiration, is sufficient to enable the lessor to obtain possession at that time.

Nor do we think that plaintiff has estopped itself by having accepted rent for the property pending this suit.

Defendant had actually occupied the property and owed something for that occupancy. The mere acceptance of the amount by plaintiff raised no presumption of a tacit reconduction (**C. C., 2691**), and it is not pretended that there was any express renewal of the lease.

— 149 —

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that defendant Edward Alberstadt do vacate forthwith the premises No. 3122 Bienville Street, in the City of New Orleans, and deliver possession thereof to Delmar Realty Co., plaintiff herein; and that defendant and appellee pay all costs of both Courts.

Judgment reversed.

Opinion and decree, December 9th, 1912.